IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00049-MR

| | |
|---|---|
| LINDA MILGAZO-FUNKE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KILOLO KIJAKAZI,[1] Commissioner ) <br> of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 11] and the Defendant's Motion for Summary Judgment [Doc. 13].

**I.   BACKGROUND**

On September 24, 2015, the Plaintiff, Linda Milgazo-Funke ("Plaintiff"), filed an application for disability insurance benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of December 1, 2017. [Transcript ("T.") at 152]. The Plaintiff's claims were initially denied on August 19, 2019 and upon reconsideration on February 11, 2020. [T. at 88,

---
[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and is therefore substituted in this action as the named defendant. See Fed. R. Civ. P. 25(d).

95]. Upon the Plaintiff's request, a hearing was held on August 20, 2020 before an Administrative Law Judge ("ALJ"). [T. at 32]. On September 3, 2020, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the alleged onset date of December 1, 2017. [T. at 15-26]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. at 1-3]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017

3

WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant

does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age,

5

education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since her alleged onset date, December 1, 2017. [T. at 17]. At step two, the ALJ found that the Plaintiff has the severe impairment of chronic infections of the skin or mucous. [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [T. at 19]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform a full range of work at all exertional levels but with the following nonexertional limitations: the [Plaintiff] could frequently finger, handle, and feel

> bilaterally and the claimant should avoid concentrated exposure to the cold.

[Id.].

At step four, the ALJ identified the Plaintiff's past relevant work as a registered nurse. [T. at 24]. The ALJ observed, however, that the Plaintiff is "unable to perform past relevant work as actually or generally performed." [Id.]. At step five, based upon the testimony of the VE, the ALJ concluded that, considering the Plaintiff's age, education, work experience, and RFC, the Plaintiff is capable of performing jobs that exist in significant numbers in the national economy, including office nurse, occupational health nurse, and nurse consultant. [T. at 25]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from December 1, 2017, the alleged onset date, through September 3, 2020, the date of the decision. [Id.].

## V.  DISCUSSION[2]

As one of her assignments of error, the Plaintiff argues that the "ALJ erred by failing to perform a function-by-function analysis of Plaintiff's ability to use her hands for handling, fingering, and feeling before assessing the

---

[2] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

RFC." [Doc. 12 at 5]. The Plaintiff contends that, as a result, the RFC is incomplete and not supported by substantial evidence. [Id. at 9]. The Defendant, on the other hand, argues that substantial evidence of record supports the ALJ's decision. [Doc. 14 at 1].

Social Security Ruling 96-8p explains how adjudicators should assess a claimant's RFC, instructing that the "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations.[3]  SSR 96-8p; see also Mascio, 780 F.3d at 636 (finding that remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review) (citation omitted).

The RFC assessment is formulated in light of a claimant's physical and mental impairments.  Rule 96-8p provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports

---

[3] The functions listed in the regulations include the claimant's (1) physical abilities, "such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching);" (2) mental abilities, "such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting;" and (3) other work-related abilities affected by "impairment(s) of vision, hearing or other senses, and impairment(s) which impose environmental restrictions." 20 C.F.R. § 416.945.

8

Case 1:21-cv-00049-MR   Document 17   Filed 07/25/22   Page 8 of 14

> each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.

Id. "Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id.

Here, in formulating the RFC, the ALJ recites the Plaintiff's testimony before concluding:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record <u>for the reasons explained in this decision</u>.

[T. at 20-21 (emphasis added)]. The ALJ, however, does not proceed to provide any discussion or analysis concerning what objective medical evidence is inconsistent with the Plaintiff's allegations. Rather, the ALJ, in conclusory fashion, finds that "the objective findings fail to provide strong support for the [Plaintiff]'s allegations of disabling symptoms and limitations." [Id. at 21-22]. The ALJ then proceeds to recite, without any analysis, the

9

evidence of record, including evidence supportive of the Plaintiff's impairment and the Plaintiff's testimony. [Id.]. While it appears that the ALJ sought to account for Plaintiff's physical limitations by restricting the Plaintiff's non-exertional limitations to "frequently finger, handle, and feel bilaterally" and to "avoid[ing] concentrated exposure to the cold," the ALJ fails to explain the basis for these restrictions or how it accounts for the Plaintiff's physical impairment. Further, the ALJ does not provide any discussion or analysis of the evidence of record *that supports* her conclusion that the Plaintiff can perform the full range of work at all exertional levels with the specified non-exertional limitations.

In reviewing the medical opinion evidence of record, the ALJ finds persuasive the State Agency medical consultants' opinions as follows:

> State agency medical consultants at the initial and reconsideration levels, Samuel Sullivan, M.D., and Melvin L. Clayton, M.D., determined that the claimant was able to work at any exertional level (Ex. 1A/6; 3A/8-9). In addition, they found manipulative limitations. I find the medical consultants' opinion persuasive. Although the consultants are non-treating and non-examining sources, their opinions are supported because they reviewed the underlying record and were familiar with Social Security regulations and program standards. Furthermore, their opinions are consistent with the evidence as a whole, specifically, during a physical examination, her hands had dry, inflamed areas on the backs of her fingers with a few spots on her palms (Ex. 7F/3). There were no open lesions.

[T. at 22-23]. However, *both* State Agency medical consultants opined that the Plaintiff was capable of performing a full range of exertional work limited to *occasional* fingering, handling, and feeling bilaterally. [T. at 72, 84]. As such, the ALJ's narrative fails to reconcile the persuasiveness assigned to the various medical opinions and the RFC. Further, the ALJ accorded no "persuasive weight" to any opinion from a medical source in the Plaintiff's record such that it would support her RFC determination. Again, the ALJ does not identify or explain how the limitations are included in the Plaintiff's RFC or how such limitations account for the Plaintiff's chronic infections of the skin or mucous, and associated pain. Instead, the ALJ summarily concludes that the RFC accounts for the Plaintiff's physical health impairments as follows:

> In sum, the above residual functional capacity assessment is supported by the diagnostic imaging, treatment records and the physical examinations (Ex. 2F/3, 4, 5, 6; 3F/2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 14,1 5, 17, 19, 20, 21; 4F/3, 4; 6F/2, 3; 7F/2, 3). Treatment notes in the record do not sustain the [Plaintiff]'s allegations of disabling conditions. More specifically, the medical findings do not support the existence of limitations greater than the above listed residual functional capacity. I acknowledge that the claimant does experience some limitations, which the residual functional capacity above accounts for and describes. Based on the claimant's chronic infections of the skin or mucous, I limited the claimant

11

Case 1:21-cv-00049-MR   Document 17   Filed 07/25/22   Page 11 of 14

>           to any exertional level work with manipulative and
>           environmental limitations.

[T. at 24].

The ALJ's explanation is sorely lacking in the analysis needed for meaningful review. The ALJ generally describes some of the record evidence, but it is unclear how that evidence supports her conclusions. Further, despite the ALJ's decision referencing limitations included in the RFC related to Plaintiff's symptoms associated with her severe impairment, the ALJ fails to identify or provide any discussion of these limitations. Moreover, the ALJ never explains how she concluded — *based on the evidence of record* — that the Plaintiff could actually perform the tasks required of a full range of work at all exertional with the specified non-exertional limitations. See Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) ("The ALJ concluded that [Plaintiff] could perform "medium work" and summarized evidence that [she] found credible, useful, and consistent. But the ALJ never explained how [she] concluded — *based on this evidence* — that [Plaintiff] could actually perform the tasks required by "medium work," such as lifting up to 50 pounds at a time, frequently lifting or carrying up to 25 pounds, or standing or walking for six hours."). That is particularly vexing here, where the RFC is not supported by any of the medical opinion evidence

of record, including the medical opinions the ALJ found persuasive. [See T. at 72, 84, 368, 372].

A reviewing court cannot be "left to guess about how the ALJ arrived at [his] conclusions on [a plaintiff's] ability to perform relevant functions and indeed, remain uncertain as to what the ALJ intended." Mascio, 780 F.3d at 637. It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citation omitted).

Here, the ALJ failed to "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p. Therefore, the ALJ failed to build an "accurate and logical bridge" from the evidence of record to the RFC conclusions. See Monroe, 826 F.3d at 189 (citation omitted).

**VI. CONCLUSION**

Because this Courts lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling.  See Radford, 734 F.3d at 295.  On remand, the ALJ should conduct a proper function-by-function analysis of the Plaintiff's exertional and non-exertional limitations, narratively discussing all of the relevant evidence, and specifically explaining how he reconciled that evidence to his conclusions.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 11] is **GRANTED** and the Defendant's Motion for Summary Judgment [Doc. 13] is **DENIED**.  Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion.  A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: July 24, 2022

Martin Reidinger
Chief United States District Judge

14

Case 1:21-cv-00049-MR   Document 17   Filed 07/25/22   Page 14 of 14